IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUAN JOSE VITELA, | § | |
| | § | |
| v. | § | 2:14-CV-001 |
| | § | (2:12-CR-033) |
| UNITED STATES OF AMERICA, | § | |

**REPORT AND RECOMMENDATION
TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant JUAN JOSE VITELA has filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant's claims are without merit and recommends those claims be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

On July 30, 2012, defendant was charged by complaint in the Northern District of Texas, Amarillo Division, with the felony offense of Illegal Re-entry after Deportation in violation of 8 U.S.C. § 1326(a)(1) and (b)(1); and 6 U.S.C. §§ 202(3), 202(4), and 557. The Federal Public Defender was appointed to represent defendant. On August 8, 2012, defendant was charged by indictment with the same illegal re-entry offense.

On October 9, 2012, defendant pled guilty to the one count indictment alleging unlawful re-entry. Pursuant to a Plea Agreement, defendant stipulated to the accuracy of the Factual Resume, acknowledged his plea of guilty was freely and voluntarily made, and stated that after thoroughly reviewing all legal and factual aspects of his case with his lawyer, he was fully satisfied with his

lawyer's legal representation. Defendant averred he had "received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement," and that after conferring with his lawyer, concluded it was in his best interest to enter into the plea agreement and plead guilty rather than proceed to trial. Defendant admitted he was, in fact, guilty of the charged offense. On the date he pled, defendant confirmed the terms of the Plea Agreement in open court and the Court accepted defendant's plea and the plea agreement and ordered a Presentence Investigation Report (PSR).

On November 13, 2012, the United States Probation Officer filed the PSR reflecting the following calculations: The base offense level for defendant's illegal re-entry offense was 8. The base offense level was increased by 16 levels because "defendant was previously deported or unlawfully remained in the United States after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months," to wit: defendant's August 12, 2002 deportation after a felony conviction for Possession with Intent to Distribute Methamphetamine in the U.S. District Court, Southern District of Iowa, in which he was sentenced to 60 months imprisonment. Three (3) offense levels were subtracted for defendant's acceptance of responsibility, resulting in a total offense level of 21.

In defendant's criminal history calculation, three (3) points were assessed for the prior felony conviction out of the Southern District of Iowa. Defendant's adult criminal convictions resulted in a criminal history score of 4 and a Criminal History Category of II. Defendant's Criminal History Category and Total Offense Level resulted in a guideline range of 41 to 51 months imprisonment.

Defendant's only objection to the PSR was an objection to the paragraph detailing defendant's employment record, where Defendant sought to add that he was employed at a feedlot in Guymon, Oklahoma for one year earning minimum wage.

On December 17, 2012, the District Judge conducted a sentencing hearing. At the hearing, the defendant was sentenced to a term of 41-months imprisonment, followed by a term of three years supervised release. Defendant did not appeal his conviction and sentence, and his conviction became final on December 31, 2012. On December 12, 2013, Defendant filed a Motion for Implementation and Procedure on Early Disposition or "Fast Track" Programs Re-Entry Under Title 8 U.S.C. § 1326 (hereinafter "Fast Track Motion"). On December 16, 2013, the Court construed the December 12 motion as a motion for relief under 28 U.S.C. § 2255, and ordered Defendant to file his motion within 20 days, utilizing the form motion adopted by the Northern District. Defendant filed the form motion on January 6, 2014.

The government filed a response in opposition to the motion to vacate on February 19, 2014. On June 19, 2014, the Court ordered the government to file a supplemental response, specifically addressing (1) whether Defendant was eligible for the Fast track program at the time of his plea agreement, and (2) whether defense counsel did or did not make any request to the prosecution that Defendant be considered under the Fast track program, and if so, the government's response to such request. The government filed their supplemental response on July 2, 2014. Defendant has not filed any reply to the government's supplemental response.

## II.
## DEFENDANT'S ALLEGATIONS

The Court understands Defendant to present a single claim seeking to vacate the sentence imposed, i.e., that he was denied his constitutional right to effective assistance of counsel because

trial counsel failed to advise him of the existence of and/or to move for a reduction of his sentence pursuant to the fast-track program.

### III.
### STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may move the convicting federal court to vacate, set aside, or correct his conviction or sentence. However, such a motion is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal, and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

A section 2255 collateral challenge, however, "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Therefore, constitutional claims which could have been raised on direct appeal cannot be raised for the first time in a section 2255 motion unless the prisoner can show both "cause" for his failure to raise the issue on appeal and "actual prejudice" resulting from the constitutional violation, or that the constitutional violation has probably resulted in the conviction of one who is actually innocent. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

IV.
### EFFECTIVENESS OF COUNSEL

The proper standard for judging a defendant's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under the *Strickland* standard, a defendant must show counsel's performance was deficient.  This requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to a criminal defendant by the Sixth Amendment to the United States Constitution.  In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession.  Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight.  *Id.* at 689.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.  *Id.*

A defendant must also show he was prejudiced by counsel's deficient performance.  To establish this prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial.  Specifically, defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the defendant of a fair trial with a reliable result."  *Id.* at 694.

In his sole ground for review, Defendant states simply that he was sentenced for illegal re-entry, and he "unknow, if this programs were used on him to be sentenced, because he was not adviced by his lawyer of such existing Fast-Track Programs [all sic]."  (2255 Motion at 7).  Defendant provides no further information in his motion.  However the Court notes he attached to his Fast Track Motion an internal Department of Justice memorandum dated January 31, 2012 from

James M. Cole, Deputy Attorney General on the subject of "Department Policy on Early Disposition of 'Fast Track' Programs" (hereinafter "Cole Memo").

In its supplemental response, the Government notes that although there is no record that trial counsel requested a fast track plea for Defendant, the fast track program in place for the Northern District of Texas is based on prosecutorial discretion. *See United States v. Gomez-Herrera*, 523 F.3d 554, 561 (5th Cir. 2008) ("The government's decision to offer a fast track plea offer is no different from the Attorney General's prosecutorial discretion regarding whether to prosecute, what charge to file, whether to offer a plea agreement, etc."). (Supp. Resp. at 3). The Government further asserts that "defendants who might qualify for the fast track program are reviewed as a matter of course," and "consistent with the Cole memo, a defendant in this district would not be offered a fast track plea if he or she had been convicted of certain violent felonies, drug-trafficking offenses, or met other exclusion criteria." (Supp. Resp. at 2). Finally, the Government correctly notes that Defendant was not eligible for consideration under the fast track program because his criminal history includes a conviction for a drug-trafficking felony. (Supp. Resp. at 3). Because the Defendant would not have received a fast track plea even if his counsel had moved for consideration under the fast track policies and provisions, Defendant fails to show actual prejudice under *Strickland*.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant JUAN JOSE VITELA should be DENIED.

## VI.
### INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of October 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).